PER CURIAM.
The respondent has moved to dismiss a petition for certiorari as being untimely-filed. In a proceeding under the Florida Unemployment Compensation Law (Ch. 443, Fla.Stat., F.S.A.) the board of review denied a claimant’s application for appeal from the decision of an appeals referee. A copy of such order was mailed to the claimant on August 9, 1963. Sixty-one days later, on Wednesday, October 9, 1963, the claimant filed the present petition for certio-rari to review the decision of the board of review.
The question presented is whether, when notice of the order is given by mailing, the 60 day period for certiorari to this court runs from the date of mailing or from some time thereafter.
By § 443.07(4) (e) provision is made for review of such orders by certiorari to district courts of appeal. Florida Appellate Rule 4.5, subd. c(l), 31 F.S.A. provides that petitions for certiorari shall be filed “within 60 days from the rendition of the decision, order, judgment or decree sought to be reviewed.” Under Florida Appellate Rule 1.3 a judgment, decision or order is considered “rendered” when it has been reduced to writing, signed and made a matter of record, or filed where recording is not required. No extension of time, such as by rehearing application, was involved here.
Neither the statute nor the record inform us how or when such orders of the board of review become “rendered.” Section 443.07(4) (c), implies such orders of the board of review become effective when notice of them is given to the party affected. There it is stated: “The board of review shall promptly notify the parties to any proceeding before it of its decision, including its findings and conclusions in support thereof, and such decision shall be final unless within the time prescribed by Florida appellate rules a proceeding for judicial review is initiated * * *.” Specifically, with reference to the type of order involved in the instant case, which was a denial by the board of an application for appeal from a decision of an appeals referee, the statute provides that the time for initiating review of such an order shall run “from the date of notice of the order of the board of review denying the application for appeal.”
The respondent contends the time of mailing the notice controls, and therefore that 61 days elapsed before the filing of the certiorari; and for such reason the petition for certiorari should be dismissed. The petitioner argues that where notice is given by mailing, notice is not accomplished upon the mailing, but only after some reasonable time elapses within which such mailed notice could be expected to be received.
We have been furnished no precedent in the form of a decision of an appellate court of this state. Cases from other states relied on by the respondent holding the day of mailing marks commencement of the appeal period are not persuasive because decided under differently worded statutes.
We are of the opinion that when notice of such an order is given by mailing, the date or time of notice should be held to be some time after the mailing. This is so because it would seem that to adopt the moment of mailing as the time when notice is made and perfected would defeat the purpose of the statute which is that a party shall have 60 days from the date of notice. Notice to a party implies that the party be informed of the order. It would not be practicable to defer commencement of the appeal period to the time a mailed notice is actually received, as that would cause the time for commencement of the appeal period to vary from case to case. It does not follow, however, that some reasonable period during which mailed notice could be expected to be received should not be adopted and used in this connection. To do so would appear to square with the intent and policy of the statute. Examples of application of that policy are supplied by existing rules governing procedure in appellate and trial courts. Florida Appellate Rule 3.4, subd. b(3) provides, “Service *746 by mail shall be deemed complete upon mailing; but service by mail shall add three days to the time allowed to do any act required to be done within a certain time after service of a notice or paper.” Florida Rule of -Civil Procedure 1.6(e), 30 F.S.A. reads: “Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to tire prescribed period.”
Consistent with the foregoing rules, we conclude in the case presented that notice of the order, which under the statute marks the commencement of the 60 day period for review, is the day of actual notice where actual notice is provided, but that when such notice is given by mailing, three days should be allowed, making the date of notice, and therefore the beginning of the 60 day period for certiorari, three days after the date of mailing.
For the reasons stated, the respondents’ motion to dismiss is denied.