252 So.2d 290 (1971)
Marve Alan DUBIN, Petitioner,
v.
DEPARTMENT OF BUSINESS REGULATION of the State of Florida, Respondent.
No. P-158.
District Court of Appeal of Florida, First District.
September 14, 1971.
*291 Herbert L. Heiken, Miami, for petitioner.
J. Riley Davis, Tallahassee, for respondent.
SPECTOR, Chief Judge.
This is a certiorari proceeding to review an order by the respondent affirming a decision of the Division of Pari-Mutuel Wagering denying petitioner a license to own and train race horses in Florida. The court, sua sponte, requested counsel for the respective parties to submit briefs and oral argument on the jurisdictional question arising out of the hereinafter described circumstances; and upon consideration thereof, we hold that we do have jurisdiction.
On March 3, 1971, the respondent state agency affirmed the adverse decision of the Division of Pari-Mutuel Wagering in question. Respondent's said order of affirmance, although "done and ordered" on March 3, 1971, was not served on petitioner until March 15, 1971, said service being effected by mail. Inasmuch as the petition for certiorari to review respondent's said order was not filed in this court until April 19, 1971, a date more than thirty days after either March 3, 1971, or March 15, 1971, the jurisdictional question arose.
Under Florida Appellate Rule 4.5, 32 F.S.A., a petition for writ of certiorari must be filed within thirty days from the date on which the order sought to be reviewed was rendered. We usually have no difficulty in establishing the date on which a judgment or order of a court is rendered since that has been defined by case decisions as well as the definitions section of the Appellate Rules  see Rule 1.3. The order sought to be reviewed herein, being an order of an administrative agency acting in a quasi-judicial capacity, is not or was not "rendered" with the same precision generally accorded judgments and orders of courts because usually administrative agencies are without clerks and minute books or dockets such as are generally present in the case of courts. Accordingly, we find it necessary to establish a satisfactory manner by which to determine the date that a quasi-judicial administrative order is "rendered" so that parties seeking review thereof by certiorari proceedings under Florida Appellate Rule 4.5 will know when the thirty days for filing the petition as provided in Rule 4.5c commences. Section 120.26(7), Florida Statutes, F.S.A., a portion of the Administrative Procedure *292 Act, provides that all parties to an agency proceeding have a right to:
"(7) To be promptly notified of the denial in whole or in part of any written application, petition or other request, or of any other agency action affecting substantive or procedural rights taken in connection with any agency proceeding."
Section 120.31(1), Florida Statutes, provides that as an alternative procedure for judicial review of an agency's quasi-judicial orders, such orders shall be reviewable by certiorari by the District Courts of Appeal within the time and manner prescribed by the Florida Appellate Rules. Since Section 120.26(7) requires notification to a party respondent before an agency of an order affecting his rights, it seems to us that by operation of Appellate Rule 3.4b(3), the prompt notification required by the last cited provision of the Administrative Procedure Act is not deemed complete, and thus "rendered", until three days following the date upon which the agency served its order on the party respondent by mail.
By construing the prompt notification requirement of Section 120.26(7) together with Florida Appellate Rule 3.4b(3), in cases where the agency chooses to notify the respondent before it of the entry of an order and serve a copy of said order upon the respondent by mail, a workable determination may be made of the date on which a quasi-judicial administrative order was "rendered". Thus all parties seeking to have reviewed such an administrative order by certiorari proceedings under Appellate Rule 4.5 will have a fixed date from which to calculate the time within which said rule requires the petition for certiorari review to be filed.
Allowance of three days from the date of mailing of an administrative order to ascertain the date on which the person affected thereby was served or "promptly notified" as required by 120.26(7) is consistent with the holding in Martorano v. Florida Industrial Commission, 160 So.2d 744 (Fla.App. 1963), wherein the court held that actual notice of a decision was required to begin the running of the period for filing a petition for writ of certiorari. There the court added three days to such period in order to provide a reasonable period during which mail notice could be received.
Applying the foregoing principles to the material dates in the case sub judice, we hold that the mailing of the order on March 15, 1971, requires the addition of three days to establish when notice thereof could be said to have been received by petitioner here. Thus, March 18 is the date on which petitioner is deemed to have received notice. Calculating the thirty days for filing allotted by the rules, commencing on the next day, the 19th, we find that the thirtieth day falls on April 17, 1971, which was a Saturday. By operation of Appellate Rule 3.18, with Saturdays and Sundays excluded from the computation, the time for filing the petition in this court under the rules was extended to Monday, April 19, 1971, which is the date on which the petition was in fact filed. Hence, the same is not untimely and we have jurisdiction.
WIGGINTON and JOHNSON, JJ., concur.