BOYD, Justice.
This cause is before us on petition for writ of certiorari to the Florida Industrial Relations Commission.
On March 17, 1972, the Judge of Industrial Claims entered an order awarding benefits to the claimant, respondent herein. Petitioners herein filed an application for review by the Full Commission and, due to an inadequate recording of the proceedings, the Full Commission dismissed the application for review and remanded to the Judge of Industrial Claims for the purpose of holding a hearing de novo, and entering a new order on the evidence and facts found at the new trial. Such a hearing was held, and the Judge of Industrial Claims awarded benefits in his order dated September 15, 1972, which was mailed the same day, and received by petitioners on September 18, 1972.
Petitioners herein (the employer-carrier) again filed application for review, which, they asserted, was mailed on October 4, 1972. It was not filed in the office of the Industrial Relations Commission until October 6, 1972, some twenty-one days after the order of the Judge of Industrial Claims.
The Full Commission dismissed the application for review, citing § 440.25(4)(a), Florida Statutes, F.S.A., and Rule 4, I.R.C. Rules of Procedure. Section 440.25(4)(a), Florida Statutes, F.S.A., provides, in pertinent part:
“The compensation order rendered by the judge of industrial claims shall become final twenty days after the date copies of same are mailed to the parties at the last known address of each, unless within said time any interested party shall make and file with the commission or a judge of industrial claims an application for a review thereof by the full commission in accordance with the provisions of this subsection. . . .” (Emphasis supplied.)
Rule 4(a) provides, in pertinent part:
“Application for review of an order of a Judge of Industrial Claims must be filed with the Industrial Relations Commission or a judge within twenty days after the date copies of the judge’s order are mailed to the parties at the last known address of each.” (Emphasis supplied.)
Petitioners contend that they must be allowed three additional days to file their application for review, however, in view of Florida Appellate Rule 3.4, subd. b(3), 32 F.S.A., which states:
“Service by mail shall be deemed complete upon mailing; but service by mail *308 shall add three days to the time allowed to do any act required to be done within a certain time after service of a notice or paper.”
Our careful consideration and analysis of the petition, the record, and briefs of counsel, sustains the view that the findings of the Commission are supported by competent substantial evidence and that, in entering its order, respondent Commission met the essential requirements of law. Contrary to the contentions of petitioners, the foregoing statute and rule clearly have already taken into account the act of mailing, and have established a time limit which assumes a mailing. Further, again contrary to the contentions of petitioners, the Florida Appellate Rules clearly do not apply to appeals taken from the Judge of Industrial Claims to the Industrial Relations Commission.[1]
Accordingly, the petition for writ of cer-tiorari is denied.
It is so ordered.
ROBERTS, ADKINS and McCAIN, JJ., concur.
CARLTON, C. J., concurs specially with opinion in which ROBERTS, J., concurs.
DEKLE, J., dissents with opinion and ERVIN, J., dissents and concurs with DE-KLE, J.

. See Florida Appellate Rules 1.1.