CARLTON, Chief Justice
(concurring specially).
I concur in Mr. Justice Boyd’s opinion because the statute and rule which we are here asked to “misinterpret” are clear and specific and leave no room for judicial revision. The Legislature has said that the time limit for filing an application for review of an order of a Judge of Industrial Claims shall be twenty days from the date the order is mailed, not twenty-three days.
In support of their request that we add three days to this time limit, petitioners cite Florida Appellate Rule 3.4, subd. b(3), which clearly does not govern appeals to the Industrial Relations Commission. In addition, the Rule refers only to acts which are required within a certain time after service or notice. The time limit we are here concerned with does not run from “service” or “notice”, it runs from date of mailing.
Petitioners also cite New York Life Ins. Co. v. Kurz, 174 So.2d 537 (Fla.1965), Dubin v. Dept. of Business Regulation, 252 So.2d 290 (1st Fla.App.1971), and Martorano v. Fla. Industrial Commission, 160 So.2d 744 (3d Fla.App.1963). These cases are also inapplicable because they did involve time limits which ran from some “notice” or “notification” or “service”, and because they were not concerned with appeals to any administrative board or commission. They involved appeals from such a board or commission to a court governed by Fla. Appellate Rules.
Petitioners’ attorney in this case mailed the application for review on the nineteenth day of their twenty-day period. They argue that, “normally, our experience has been that a letter mailed from Orlando on one day will be delivered in Tallahassee the following day, since there are only about 250 miles involved.” They concede that their attorney “erred in assuming that the United States Post Office would act with reasonable dispatch in handling the mail.” I think the attorney erred in taking a chance with his client’s case by waiting until the last possible day before mailing the application for review. With so much at stake, it is unreasonable to rely on an unfailing one-day mail service. Almost every week we are confronted with evidence of such misplaced reliance, in the form of untimely applications for review, petitions for writ of certiorari, etc. Adding three days to the twenty-day time limit of Fla. Stat. § 440.25(4) (a), F.S.A., will do noth *309 ing to cure this situation; the same attorneys will simply take the same chance by waiting until the twenty-second day to mail their applications for review.
A prudent and careful attorney who relies on the mails will give himself a few days leeway so that he can check on the morning of the last day to see if his application has been filed. If not, he then has time to have one filed personally, particularly if the distance to where it must be filed is “only about 250 miles.”
ROBERTS, J., concurs.