DEKLE, Justice
(dissenting):
IRC Rule 4, in making express reference to copies of orders being “mailed”, necessarily contemplates the recognized 3-day rule to complete such mailing. Without it the IRC rule is really 17 and not 20 days as contemplated and intended to conform to similar periods for appeal.
There is no “notice” to the recipient until receipt, and due process requires notice.
In Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla.App.1st 1971), a case involving a proceeding on a petition for writ of certiorari to review the order of the Department of Business Regulation the district court held that the filing on April 19 of a petition for writ of certiora-ri, to review the order of the Department, which was mailed to petitioner on March 15, satisfied the 30-day filing requirement, in light of the fact that notice of the order was not deemed complete until three days after mailing and that April 17 fell on a Saturday. In so holding, the district court stated: (p. 292)
“Allowance of three days from the date of mailing of an administrative order to ascertain the date on which the person affected thereby was served or ‘promptly notified’ as required by 120.26(7) is consistent with the holding in Martorano v. Florida Industrial Commission, 160 So.2d 744 (Fla.App.1963), wherein the court held that actual notice of a decision was required to begin the running of the period for filing a petition for writ of cer-tiorari. There the court added three days to such period in order to provide a reasonable period during which mail notice could be received.”
Martorano v. Florida Industrial Commission, 160 So.2d 744 (Fla.App. 3d 1963), cited by the First District in Dubin, involved a proceeding on petition for certiorari to review the decision of the Board of Review entered in an unemployment compensation proceeding. The District Court held that, under the rule requiring petition for certio-rari to be filed within [there] sixty days from the rendition of the decision sought to be reviewed, notice of the order denying the application for appeal occurs on the day of actual notice, where actual notice is provided. But when such notice is given by mail, the sixty day period for certiorari begins three days after the date of mailing. In reaching this decision, the district court relied on the predecessor of the present Rule 3.4, requiring three days be added to the time allowed to do any act where service by mail is involved, and stated: (p. 746)
“Consistent with the foregoing rules, we conclude in the case presented that notice of the order, which under the statute marks the commencement of the 60 day period for review, is the day of actual notice where actual notice is provided, but that when such notice is given by mailing, three days should be allowed, making the date of notice, and therefore the beginning of the 60 days period for certiorari, three days after the. date of mailing.”
Although neither the Dubin nor the Martorano cases involve a workmen’s compensation order, it is difficult to see how they can be distinguished. The different result here results in unequal protection of the law in the same circumstances.
*310 Accordingly, the petition for writ of cer-tiorari should be granted in my judgment, the order of the Full Commission quashed, and the cause should be remanded with directions to reinstate the petitioners’ application for review as timely, and to render a decision upon the merits thereof.
I respectfully dissent from the majority’s denial of certiorari.
ERVIN, J., concurs.