BOYER, Judge.
We have for disposition a petition for writ of certiorari filed by the Florida Department of Health and Rehabilitative Services, Division of Health, seeking out writ directed to the Industrial Relations Commission of the State of Florida, Florida Department of Commerce, and Raya E. Tew. A chronological recitation of the facts will be enlightening.
Raya E. Tew was employed at A. G. Holley State Hospital by the Petitioner, Florida Department of Health and Rehabilitative Services, Division of Health, as a registered nurse on September 25, 1967. She served in that capacity until being discharged effective November 17, 1972. Mrs. Tew was notified of her dismissal by *338 notice from the Superintendent of the hospital which notice was sent by certified mail on November 16, 1972. The notice specifically enumerated the reasons for the dismissal. However, the essential reason given was that she “wilfully refused to carry out written orders of the attending physician on November 8, 1972, and on November 13, 1972, regarding care of patient * * * endangering the recovery of the patient and contributing to the morbidity during the post-operative period.”
Mrs. Tew filed a claim for unemployment compensation on January 16, 1972, alleging that she was unemployed but able and available for work and that she had registered for work. On February 2, 1973 the Bureau of Unemployment Compensation notified the hospital (employer) informing that Mrs. Tew was not disqualified from receiving benefits and that the hospital would be required to reimburse the Florida Unemployment Compensation Fund for its share of any benefits paid to Mrs. Tew. By letter dated February 7, 1973 directed to the Bureau of Unemployment Compensation, the hospital, through the petitioner herein, requested a hearing before an appeals referee. The request was acknowledged and a hearing was noticed for March 7, 1973. The notice specifically designated that the issue involved in the appeal was “whether claimant was discharged for misconduct connected with his work, as provided in Section 443.06(1), Florida Statutes [F.S.A.].” It does not appear that a hearing was requested on any other issue. A hearing was held on the scheduled date following which the appeals referee of the Unemployment Compensation Appeals Section of the Department of Commerce rendered a decision affirming the determination of the claims examiner holding the claimant (Mrs. Tew) to be eligible without disqualification for unemployment compensation. The decision is dated March 29, 1973 and there appears in the lower left-hand corner of the last page thereof the following words: “Date mailed to all parties: April 13, 1973”. On April 13, 1973 there was prepared a “Notice of Decision of Appeals Referee” signed by the referee, reciting the name and address of the employer, the A. G. Holley State Hospital. In the lower left-hand corner of that notice appear two lines. Beneath the first line are the words “Date of mailing this decision” and above the line appears the date April 13, 1973. Beneath the second line appears the words “Last date for filing appeal to Industrial Relations Commission” and above that line appears the date April 23, 1973.
A notice of appeal by the petitioner herein, accompanied by a letter from its general counsel, each dated April 27, 1973, was filed with the respondent, the Industrial Relations Commission of the State of Florida, on April 30, 1973. The notice of appeal recites that although the decision of the appeals referee and the notice thereof contains a recitation that same was mailed to the employer on April 13, 1973 in truth and in fact such was not received until April 25, 1973, two days after the lapsing of- the ten day period provided for appeal. Petitioner also filed affidavits of the A. G. Holley State Hospital’s Administrative Services Director, the Assistant Superintendent, the Personnel Manager, the Nursing Director, and the attorney for the Secretary of the Department of Health and Rehabilitative Services and the hospital, each affidavit stating that the subject order was not received prior to April 27, 1973. No affidavit nor other proof was filed to substantiate mailing on April 13. The only evidence of such mailing are the recitations appearing on the face of the documents as hereinabove recited.
On September 28, 1973 respondent, the Industrial Relations Commission of the State of Florida, entered an “Unemployment Compensation Order of Industrial Relations Commission” reciting that the appeals referee’s decision was mailed to the employer on April 13, 1973 and that inasmuch as no appeal was taken within ten days from date thereof the referee’s decision had become final and that the Industrial Relations Commission was without *339 jurisdiction and that therefore the application for review was dismissed.
Petition for writ of certiorari was timely lodged in this Court. By such petition the Florida Department of Health and Rehabilitative Services seeks our review of three points. However, because of our disposition of the first point, as will be hereinafter recited, we find that treatment of the other two points at this juncture would be premature.
The first point raised by petitioner related to the propriety of the order of dismissal of petitioner’s appeal because of the failure to file notice thereof within ten days following the date that same was allegedly mailed to petitioner. Petitioner cites as authority for its position a decision of our sister Court of the Third District, Miami Dolphins Ltd. v. Florida Dept. of Commerce, Fla.App.(3d) 1971, 252 So.2d 396. Respondents contend that that case is distinguishable. We agree that the decision of the appeals referee which was there involved was at a different stage of the administrative proceedings than that sub judice. However, we do not find that distinction to be here material. However, we do not find it necessary to rely upon the above mentioned decision of our sister court for the reason that in the proceeding giving rise to the petition for certiorari sub judice there was no proof before respondent of actual mailing of the referee’s decision and notice on April 13, 1973. It appears that respondent Industrial Relations Commission simply assumed that such had been accomplished. In view of the overwhelming proof that the decision and notice had not been received until April 25, 1973 the respondent Commission should have, before entry of its order of dismissal, determined that such mailing either had or had not in fact been accomplished.
Accordingly, the petition is granted and this cause is remanded to the respondent the Industrial Relations Commission of the State of Florida, Florida Department of Commerce, for the purpose of determining whether the referee’s decision and notice thereof, were in fact mailed on April 13, 1973.
Needless to say, should such mailing be not proven by a preponderance of the evidence then the order of dismissal should be vacated and set aside and further proceedings should be had in accordance with law. In the event said respondent should determine that such mailing was so accomplished on April 13, 1973 then the petitioner herein is at liberty to seek such further review as then may be appropriate.
Our failure to pass upon the other points raised in the petition now before us is without prejudice to future review.
RAWLS, C. J., and McCORD, J., concur.