327 So.2d 56 (1976)
Maurice FOX, Petitioner,
v.
The SOUTH FLORIDA REGIONAL PLANNING COUNCIL and the Florida Land and Water Adjudicatory Commission, Respondents.
Maurice FOX, Appellant,
v.
The FLORIDA LAND AND WATER ADJUDICATORY COMMISSION et al., Appellees.
Nos. X-487, X-495.
District Court of Appeal of Florida, First District.
February 3, 1976.
Rehearing Denied March 11, 1976.
*57 Raymond W. Royce, of Scott, Burk & Royce, Palm Beach, and Morris M. Schnitzer, of Schnitzer & Schnitzer, Newark, N.J., for appellant and petitioner.
Robert L. Shevin, Atty. Gen., James D. Whisenand and John P. Ingle, III, Asst. Attys. Gen., Allan Milledge, of Milledge, Horne & Hermelee, Miami, Louis F. Hubener, Tallahassee, for appellees and respondents.
SMITH, Judge.
At issue in these consolidated cases is the timeliness of an appeal filed by the Division of State Planning, Department of Administration, with the Florida Land and Water Adjudicatory Commission from an order of the Palm Beach County Board of County Commissioners approving with conditions a development of regional impact proposed by appellant/petitioner Fox. Sec. 380.07(2), F.S. 1973. In parallel actions, the Commission denied Fox's motion to dismiss the appeal as untimely and the Circuit Court of Leon County dismissed Fox's independent suit to enjoin the Commission's consideration of the administrative appeal. Fox thereupon petitioned this Court for interlocutory review of the Commission's action [§ 120.68(1), (2), F.S. 1973 (1974 Supp.)] and appealed from the adverse judgment of the circuit court.
The Palm Beach County Board of County Commissioners met regularly on September 3, 1974, and adopted a resolution, reduced to writing and filed in the public records on that day, approving with conditions *58 the development of regional impact proposed by Fox according to the procedures prescribed by The Florida Environmental Land and Water Management Act of 1972, as amended. Ch. 380, F.S. 1973 (1974 Supp.). Section 380.07 of the Act created the Florida Land and Water Adjudicatory Commission, consisting of the Governor and cabinet, and provides in part:
"(2) Whenever any local government issues any development order ... in regard to any development of regional impact, a copy of such order shall be transmitted to the state land planning agency [the Division of State Planning, Department of Administration] and the owner or developer of the property affected by such order. Within thirty days after the order is rendered, either the owner, developer, an appropriate regional planning agency [here, the South Florida Regional Planning Council], or the state land planning agency may appeal the order to the Florida land and water adjudicatory commission by filing a notice of appeal with the commission... ." (emphases added.)
Although the Board of County Commissioners entered its development order on September 3 and issued it on that day by reducing it to writing and filing it among public records, the Board did not transmit a copy of the order to the Division of State Planning or to Fox until September 10, when, as the Court below found, copies were mailed to them. On September 12 and 13, respectively, Fox and the Division of State Planning received their copies of the order so transmitted. On October 10 the Division of State Planning filed its notice of appeal with the Adjudicatory Commission.
The question, of course, is whether the development order was "rendered" when it was adopted, written and publicly filed on September 3  if so, the October 10 appeal was untimely  or whether rendition required transmittal of copies of the order to or receipt of them by the specified recipients. The lawyers in this case have given us resourceful arguments concerning the purposes of the Act, the significance of various time limitations thereby imposed and the desirability of interpreting § 380.07(2) in such a way as to promote uniformity and predictability of the period in which appeals may be taken to the Adjudicatory Commission. We conceive, however, that we have no license to wrench the words of the statute to make them more appropriately serve our notion of the legislative purpose; nor is there any need to burden them with the encrustment of years of interpretation of "rendered" as applied to judicial judgments. See American Bankers Life Assur. Co. of Fla. v. Williams, 212 So.2d 777 (Fla.App.1st, 1968). The choice and sequence of the verbs employed in § 380.07(2) implicitly but, we think, clearly defines rendition as issuance and transmittal of the development order. The legislature apparently meant to allow for delays between the issuance of an order and its mailing or delivery to the Division of State Planning and the affected owner or developer. It therefore made transmittal the event which completes the rendition of the order and commences the thirty-day period for appeal. The Division of State Planning having appealed on October 10, exactly thirty days after the rendition of the development order, its appeal was timely.
It would be inappropriate to consider the time for appeal as extended by three days under the service by mail provisions of Rule 3.4, b(3), F.A.R., applied in Dubin v. Department of Business Reg., 252 So.2d 290 (Fla.App.1st, 1971). The Rule and the Dubin case pertain to the calculation of the period for appeals to or other applications in the appellate courts of Florida, and they cannot be applied to influence the time for appeal within the administrative process. Henry MacAllister House Mover v. Johnson, 281 So.2d 306 *59 (Fla. 1973). Contrast Martorano v. Florida Ind. Comm'n, 160 So.2d 744 (Fla.App.3d, 1963), in which the statutory period for review began with "notice" to the party affected, and three days were judicially added to the mailing date to allow for receipt.
If our view of the statute has the unfortunate effect of subjecting parties in local government proceedings to "the vagaries of clerical happenstance and postal miscarriage," as Fox's lawyer aptly puts it, we can at least suggest, and we do, that local governments minimize the uncertainty of the rendition dates of their order by appending to them appropriate certificates of the transmittal dates.
The judgment of the circuit court is affirmed and the prayer of the petition for review is denied.
RAWLS, Acting C.J., and MILLS, J., concur.