SMITH, Judge.
Respondent’s motion to dismiss Murphy’s petition for certiorari as untimely questions *148 whether our decision in Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla. 1st DCA 1971) applies in the calculation of the time for filing a petition for review under the 1974 Administrative Procedure Act. Dubin held, in the context of the 1961 Administrative Procedure Act, that an agency’s adjudicatory decision
“. . . is not deemed complete, and thus ‘rendered’, until three days following the date upon which the agency served its order on the party respondent by mail.” 252 So.2d at 292.
The petition in this case seeks certiorari review of the Retirement Commission’s order denying petitioner certain retirement benefits. The petition is in the form contemplated by our decision in Yamaha Int’l Corp. v. Ehrman, 318 So.2d 196 (Fla. 1st DCA 1975), approved in Shevin v. Public Serv. Comm’n, 333 So.2d 9 (Fla.1976). It was filed within thirty-three days, but not within thirty days, after a copy of the agency decision was mailed to petitioner. See Fla.App. Rules 3.2, 3.4. The respondent Commission urges the petition is untimely because the Commission’s decision was stated in the record by voice vote at a public meeting and petitioner was verbally notified of the decision the same day — more than thirty days before the petition for review was filed.
Section 120.59, Florida Statutes (1975) provides in relevant part:
“(1) The final order in a proceeding which affects substantial interests shall be in writing or stated in the record
“(4) Parties shall be notified either personally or by mail of any order, and, unless waived a copy of the final order shall be delivered or mailed to each party or to his attorney of record.”
By virtue of the quoted Section 120.59(4), the parties — who alone are conceivably interested in calculating the time for seeking judicial review — are entitled in the absence of waiver to notice of the final order affecting substantial interests by delivery or mailing of a copy. We conceive that, irrespective of any verbal notice an affécted party may have, the rationale of Dubin should be applied to the 1974 Administrative Procedure Act to add three days to the time for seeking judicial review of a final order which is required to be delivered or mailed to parties and which is mailed. Uncertainty would rule if the time for judicial review should be made to depend upon proof of the fact and extent of a party’s verbal notice of agency action.
In order to assure that affected parties have notice of their actions and that judicial review will be promptly sought, if at all, agencies should take care to comply with Section 120.59(4) immediately upon adopting a final order, and they should preserve in writing proof of service, as by appending to their orders appropriate certificates of the date of delivery or mailing. See Fox v. South Florida Regional Planning Council, 327 So.2d 56, 59 (Fla. 1st DCA 1976).
The petition for review, having been filed within thirty-three days after the agency’s order was mailed to petitioner, was timely. The motion to dismiss is
DENIED.
RAWLS, Acting C. J., and MILLS, J., concur.