BOYER, Judge.
Colonnades, Inc., the' owner and operator of a hotel, here seeks review of an order of the Industrial Relations Commission affirming a decision of an appeals referee holding that Colonnades’ appeal of a claims determination relating to the discharge of its employee, McKee, was not timely filed.
The only facts which are relevant to our decision are those relating to mailing or delivery of the notice required by F.S. 443.-07(3)(a) and Colonnades’ response.
F.S. 443.07(3)(a) provides:
“An initial determination upon a claim filed * * * shall be made promptly by an examiner * * *. The claimant, his most recent employing unit, and all employers whose accounts would be charged with benefits pursuant to such determination, shall be promptly notified of such initial determination, and such determination shall be final unless within ten days after the mailing of such notices to the parties’ last known addresses, or in the absence of such mailing, within ten days after the delivery of such notice, appeal or written request for reconsideration is filed by the claimant or other party entitled to such notice.”
The record reveals a claim for benefits filed by McKee, certain proceedings thereon and a form letter from a claims adjudicator (presumably the “examiner'designated by the division” as provided for in the Statute) dated February 3, 1976, addressed to Colonnades, Inc. and captioned with the name of the claimant (McKee) and her social security number. The letter advised the addressee that the adjudicator could not determine that McKee’s discharge was for misconduct and that, accordingly, Colonnades’ employment record was properly chargeable with its pro-rata share of benefits which may be paid on the claim. The letter concluded with the paragraph:
“If you disagree with this determination, you may request reconsideration or a hearing before an appeals referee. This may be done by writing this office within ten days from the date of this letter, explaining the basis for your protest.”
There is no stamp mark, certificate nor other indication on the letter to indicate the date of mailing, delivery nor receipt. As above recited, the letter is dated February 3, 1976.
The record next reveals a letter dated February 17, 1976 on Colonnades letterhead signed by its President addressed to the Florida Department of Commerce, captioned in the same manner as the letter from the adjudicator which recites, inter alia,
“I have your February 3d letter and violently disagree with your determination. I request reconsideration of a hearing before the Appeals Referee.”
That letter was received by the addressee on February 19, 1976.
In due course a hearing was held as to the timeliness of Colonnades’ request for reconsideration at which documentary evidence was received and testimony taken. The appeals referee determined that Colonnades’ request was untimely and the Commission affirmed.
Although Colonnades, in its brief, presents numerous points they all relate to the single issue of timeliness. First, it calls to our attention the paucity of evidence as to the date of mailing of the letter from the claims adjudicator. Second, it contends that even assuming that letter to have been mailed on the date that the letter is dated (February 3,1976) nevertheless the date for its response was extended by Fla.R.Civ.P. 1.090.
*240 Our review of the record reveals no “hard evidence” as to the date of mailing. As already recited, the letter is dated February 3, 1976. Although the adjudicator testified as to the customary procedure in her office relating to the preparation, typing and mailing of “determination letters” neither she nor any other witness testified that in fact the letter to Colonnades was mailed on the date that it bore. There is no procedure for date stamping outgoing mail nor of maintaining any log nor record of outgoing mail. The President of Colonnades testified without equivocation that the letter from the adjudicator was received by him on February 17,1976 and that he responded by letter on that same date. The testimony was recorded mechanically rather than stenographically and the record is replete with skips and gaps. It does reveal, however, that the Colonnades’ President testified that its mail was obtained from the Post Office by a Colonnades’ employee, testifying further:
“anything or pertaining to the hotel is sent to me immediately by messenger as fast as they get it * * * I got it within two hours of the time it was delivered.”
In summary, the evidence reveals that the adjudicator’s letter was dated February 3, 1976 and received by Colonnades on the 17th. Although such letters are customarily dated on the day that they are typed and mailed on the same day, there is no evidence to support mailing other than custom.
We have examined Martorano v. Florida Industrial Commission, 160 So.2d 744 (Fla. 3rd DCA 1963) but find that it does not help resolve the issues here presented. Although that case involved chapter 443 Florida Statutes and related to the timeliness of an appeal to the District Court of Appeal, that decision turned upon an interpretation of the specific wording of a particular statute, as it then existed, which allowed a party sixty days from the date of notice within which to take an appeal. The court there distinguished cases from other jurisdictions interpreting statutes allowing a specific time after mailing. It will be noted that the statute involved sub judice employs the terminology “after the mailing of such notices”. That opinion is significant, however, for the proposition of applicability of Fla.R.Civ.P. 1.090(e). The court there held, after quoting the predecessor to the last mentioned rule:
“Consistent with the foregoing rules, we conclude in the case presented that notice of the order, which under the statute marks the commencement of the 60 day period for review, is the day of actual notice where actual notice is provided, but that when such notice is given by mailing, three' days should be allowed, making the date of notice, and therefore the beginning of the 60 day period for certiorari, three days after the date of mailing.” (emphasis the Courts: 160 So.2d at page 746)
Neither do we find aid in Miami Dolphins, Ltd. v. Florida Dept. of Commerce, 252 So.2d 396 (Fla.App. 3 1971) nor Florida State University v. Jenkins, 323 So.2d 597 (Fla.App. 1 1975). In the Dolphins case the court held nothing more than that the employer should “be afforded an opportunity to present a defense if its failure to respond to the notice within the ten day period is shown to be due to non-delivery of such notice.” In the Jenkins’ case, in which we acknowledged and distinguished the Dolphins case, there was no question concerning either mailing, delivery by the Post Office Department, nor receipt by the employer. Neither was there any issue as to the applicability of Fla.R.Civ.P. 1.090 or any similar rule of law.
In Florida Dept. of H. & R. Serv. v. Industrial Rel. Com’n, 297 So.2d 337 (Fla. App. 1 1974) this court had occasion to consider a factually similar case involving the same statute (F.S. 443.07) but a different section thereof (F.S. 443.07(4)(c)). However the wording of that section is substantially the same as that involved sub judice in that the appeal there allowed is required to be taken “within ten days after the [date of] mailing of such notices”. In that case there was considerably more evidence of the mailing of the decision than appears in the record sub judice. In that opinion we recited
*241 “ * * * The decision is dated March 29, 1973 and there appears in the lower left-hand corner of the last page thereof the following words: ‘Date mailed to all parties: April 13, 1973’. On April 13, 1973 there was prepared a ‘Notice of Decision of Appeals Referee’ signed by the referee, reciting the name and address of the employer * * * In the lower left-hand corner of that notice appear two lines. Beneath the first line are the words ‘Date of mailing this decision’ and above the line appears the date April 13, 1973. Beneath the second line appears the words ‘Last date for filing appeal to Industrial Relations Commission’ and above that line appears the date April 23, 1973.” (297 So.2d 338)
In that case the notice of appeal was dated April 27 and was filed with the commission on April 30. The notice of appeal recited that the decision of the appeals referee and the notice thereof, although containing a recitation that same was mailed to the employer on April 13,1973, in truth and in fact was not received by the employer until April 25, 1973, two days after the lapsing of the ten day period provided for appeal. We recited in our opinion that “No affidavit nor other proof was filed to substantiate mailing on April 13. The only evidence of such mailing are the recitations appearing on the face of the documents as herein-above recited.” Upon that state of the record we further recited “there was no proof before respondent [commission] of actual mailing of the referees’ decision and notice on April 13, 1973.” We held in that case that “should such mailing be not proven by a preponderance of the evidence then the order of dismissal should be vacated and set aside and further proceedings should be had in accordance with law.” (297 So.2d at page 339)
By no stretch of the imagination can it be said that the record before us, which is the same record before the Commission, the referee and the adjudicator, is sufficient to establish proof by a preponderance of the evidence that the adjudicator’s letter was mailed on February 3, 1976.
This court, in at least two opinions authored by Judge Smith, has suggested, even urged, governmental agencies to adopt procedures to take some of the guess work out of the fact or event of mailing. In Fox v. South Florida Regional Planning Council, 327 So.2d 56 (Fla.App. 1 1976) the court stated:
“If our view of the statute has the unfortunate effect of subjecting parties in local government proceedings to ‘the vagaries of clerical happenstance and postal miscarriage,’ as Fox’s lawyer aptly puts it, we can at least suggest, and we do, that local governments minimize the uncertainty of the rendition dates of their order by appending to them appropriate certificates of the transmittal dates.” (327 So.2d at page 59)
And again in Murphy v. State, Dept. of Admin., Div. of Ret., 342 So.2d 147 (Fla.App. 1 1977) the same author, citing Fox v. South Florida Regional Planning Council, supra, wrote:
“In order to assure that affected parties have notice of their actions and that judicial review will be promptly sought, if at all, agencies should take care to comply with Section 120.59(4) immediately upon adopting a final order, and they should preserve in writing proof of service, as by appending to their orders appropriate certificates of the date of delivery or mailing.” (342 So.2d 147 at page 148)
The fact of mailing becomes of crucial importance when a time period is commenced by mailing as distinguished from delivery or receipt, particularly when such a short period as ten days is provided.
Having determined that the preponderance of the evidence does not support the fact • of mailing on February 3 it is not necessary that we address the constitutional issue of due process which was the subject of an opinion of our sister court of the Third District under factually similar circumstances. (State ex rel. Owra v. Florida Dept. of Commerce, 351 So.2d 769 (Fla.App. 3 1977)) That case is distinguishable in that there the party seeking relief never received the notice. From the standpoint *242 of due process, however, there is little difference between receiving a notice on a date too late to respond and never receiving it at all. In each instance it is the fact of the date of mailing which is important.
Because of our holding with reference to the fact of mailing, as above recited, we find no occasion to address the balance of the issue, as to the applicability of Fla.R. Civ.P. 1.090 or any other rule of law relative to the allowance of three days for mailing or the effect of the last day of a prescribed period falling on a Saturday, Sunday or a legal holiday. (But see Fox v. South Florida Regional Planning Council, supra, and cases therein cited; Stockslager v. Daly Aluminum Products, Inc., 246 So.2d 97 (Fla.1971); State v. Brown, 308 So.2d 655 (Fla.App. 1 1975); Mick v. Florida State Bd. of Dentistry, 338 So.2d 1297 (Fla.App. 1 1976); Greer v. Estate of Smith, 342 So.2d 1007 (Fla.App. 4 1977), and Ludwig v. Glover, 357 So.2d 233 (Fla. 1st DCA 1978).)
In summary, we hold, as we at least inferred in Florida Dept. of H. & R. Serv. v. Industrial Rel. Com'n, supra, that since the proof fails to establish the date of mailing, Colonnades is entitled to the sequested hearing before an appeals referee as to the correctness of the ruling of the adjudicator that McKee’s discharge was not for misconduct and that, accordingly, Colonnades’ employment record was properly chargeable with its pro-rata share of benefits paid on McKee’s claim.
Remanded for further proceedings consistent herewith.
IT IS SO ORDERED.
McCORD, C. J., and McLANE, RALPH M., Associate Judge, concur.