374 So.2d 1132 (1979)
O'Dell HINES, Petitioner,
v.
LYKES PASCO PACKING and Division of Employment Security, Department of Labor & Employment Security, State of Florida, Respondents.
No. 79-1329.
District Court of Appeal of Florida, Second District.
September 12, 1979.
James R. Parks and John L. Briscoe, Tallahassee, for petitioner.
Robert A. Young, Winter Haven, for respondents.

ON MOTION TO DISMISS
PER CURIAM.
Respondent, the Unemployment Appeals Commission, has moved to dismiss this administrative appeal as untimely filed. The relevant chronology is as follows:
1. Rendition of order appealed  June 18, 1979.
2. Notice of appeal filed with this court  July 17, 1979.
3. Notice of appeal filed with the Unemployment Appeals Commission  July 20, 1979.
It is apparent from the above chronology that the notice of appeal filed with this court is timely, but the notice of appeal filed with the lower tribunal was untimely (having been filed more than thirty days from the rendition of the order appealed). In appeals from lower courts the appellate rules make provision for only one place for filing notices of appeal  the lower court's clerk's office. However, in administrative appeals (also referred to as petitions for review) the new appellate rules provide for copies of the notice of appeal to be filed both with the clerk of the lower tribunal and with the appellate court clerk.[1] Thus, the timeliness question presented in this case entails more than the mere arithmetic *1133 exercise of date calculation involved in most cases where timeliness of the notice of appeal is raised.
The question presented here can be put as follows: In an administrative appeal which copy of the notice of appeal is jurisdictional? Put another way: Must the copy of the notice of appeal filed with the agency or that filed with the appellate court (or both or either) be filed within the jurisdictional thirty-day time limit?
Rule 9.110, Florida Rules of Appellate Procedure, itself does not address the question, nor have the parties cited an appellate case on point. We are thus called upon to interpret a rule which is susceptible of a variety of interpretations. In so doing, we are mindful of the general commentary in the introductory note to the new appellate rules that "[i]t was the intent [of the drafters] ... that appellate procedures operate to protect rather than thwart the substantive legal rights of the people ... by eliminating unnecessary technical procedures which have at times frustrated the cause of justice." The ambiguity inherent in the new rules requiring a notice to be filed in two places but not specifying which is jurisdictional may have created a procedural and technical pitfall.
We therefore hold that if either of the copies of the notice of appeal referred to in Rule 9.110(b) and (c) is timely received, the appeal is timely brought. Accordingly, the motion to dismiss is denied.
BOARDMAN, Acting C.J., and RYDER and DANAHY, JJ., concur.
NOTES
[1] Rule 9.110(b), Florida Rules of Appellate Procedure, provides: "Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed."

Rule 9.110(c) provides: "Exception; Administrative Action. In appeal of administrative action, the appellant shall pay the fee and file the second copy of the notice with the court."