375 So.2d 1154 (1979)
Armando L. FRANCHI, Appellant,
v.
FLORIDA DEPARTMENT OF COMMERCE, DIVISION OF EMPLOYMENT SECURITY, BOARD OF REVIEW, Appellee.
No. 78-1775.
District Court of Appeal of Florida, Fourth District.
October 17, 1979.
*1155 Suanne Pierce, Winter Haven and Vicki Joiner Musto and James A. Herb, Legal Intern, of Legal Aid Service of Broward County, Inc., Fort Lauderdale, for appellant.
No appearance for appellee.

ON PETITION FOR REHEARING
ANSTEAD, Judge.
On June 28, 1979, an order was entered directing the appellant to show cause why this appeal should not be dismissed as untimely. When no timely response was received the appeal was dismissed. Subsequently a response was received and this court has elected to treat the response as a petition for rehearing.
This is an appeal from an order of the Board of Review of the Department of Commerce denying appellant unemployment compensation benefits. The order of the Board of Review affirming the decision of the appeals referee was rendered on July 18, 1978, and mailed to appellant. A notice of appeal was originally filed in this court on August 17, 1978. On August 21, 1978, a notice was filed with the Board of Review.
Fla.R.App.P. 9.110(b) and (c) require that within 30 days of the rendition of the final administrative order, the appellant must file one copy of the notice of appeal, accompanied by the appropriate fees, with the clerk of the lower tribunal. Failing to file any notice within the 30 day period constitutes an irremediable jurisdictional defect. See Committee Notes to Fla.R. App.P. 9.110(b)(c); Bank of Port St. Joe v. State Dept. of Banking & Finance, 362 So.2d 96 (Fla. 1st DCA 1978).
The notice filed with the administrative agency is usually the document invoking this court's jurisdiction. That document was filed on August 21, 1978, more than 30 days after the order of the Board of Review rendered on July 18, 1978. Appellant nevertheless argues that the notice of appeal filed in the lower tribunal was timely, in light of Fla.R.App.P. 9.420(d), which provides for the addition of five days to the prescribed time period after service of a document by mail.[1]
The former appellate rules generally provided for review of decisions of lower *1156 "courts" and defined rendition of a judgment, decision, order or decree as one which was reduced to writing, signed and made a matter of record, or filed if recording wasn't required. A paper was deemed to be recorded when filed with the clerk of the court and assigned a book and page number. F.A.R. 1.3. Because administrative agencies were not "courts" and were without clerks and minute books or dockets such as were generally present in the case of lower courts, the appellate courts undertook to determine at exactly what point a quasi-judicial administrative order would be rendered so that parties seeking review of such orders would know when the thirty day jurisdictional time limit commenced for seeking appellate review.
In Martorano v. Florida Industrial Commission, 160 So.2d 744 (Fla. 3d DCA 1963), the Third District, in an unemployment compensation case, looked to Section 443.07(4)(c) for assistance. That section implies that orders of the Board of Review become effective and the time for initiating review commences when notice of the order is given to the party affected. In Dubin v. Department of Business Regulation, 252 So.2d 290 (Fla. 1st DCA 1971) the First District examined similar language in the former Section 120.26(7) of the Administrative Procedures Act. The end result was that the prompt notification requirements of the above statutory provisions were construed by both courts with F.A.R. 3.4(b)(3) to provide for the allowance of three days from the date of the mailing of an administrative order to ascertain when the person affected thereby was promptly notified and thus to deem the order "rendered" for purposes of initiating further review when the person affected received notice. See also Murphy v. State Dept. of Admin., Div. of Retirement, 342 So.2d 147 (Fla. 1st DCA 1977).
However, the necessity for developing a scheme to determine when an administrative order was rendered ended with the adoption of the new appellate rules. Fla.R.App.P. 9.020(g) defines the rendition of an order as the filing of a signed written order with the clerk of the lower tribunal. The term "lower tribunal" specifically includes administrative agencies as well as courts and thereby evinces an intent to treat appeals from courts and administrative agencies in the same readily definable manner. In Bank of Port St. Joe v. State, the First District properly recognized that the adoption of the 1978 appellate rules had eroded the rationale of its decisions in Dubin, supra, and Murphy, supra. Under the new rules there is no reason for treating appeals from administrative agencies different than appeals from lower courts. Accordingly, Fla.R.App.P. 9.420(d) has no application to the jurisdictional requirements for filing a notice of appeal.
As noted, supra, appellant filed his notice in this court on August 17, 1978, within 30 days of the order appealed. In Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla. 1978), the Supreme Court of Florida held that Fla.R.App.P. 9.040(b), which permits the transfer of cases where appeal is taken to the wrong appellate court, did not alter the result reached by that court in Southeast First National Bank of Miami v. Herin, 357 So.2d 716 (Fla. 1978) and that the failure to file a timely notice of appeal in the lower tribunal deprives the appellate court of jurisdiction, even though the notice was filed in an otherwise timely fashion but in the district court of appeal.
While this matter has been under consideration on rehearing, the Second District Court of Appeal issued an opinion in the case of Hines v. Lykes Pasco Packing, 374 So.2d 1132 (Fla. 2d DCA 1979) holding that an appeal of an administrative order was commenced when a copy of the notice of appeal was filed in the appellate court before a copy was filed with the administrative body. Rules 9.110(b) and (c) of the Florida Rules of Appellate Procedure provide:
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing two copies of a notice, accompanied by filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.

*1157 (c) Exception; Administrative Action. In appeal of administrative action, the appellant shall pay the fee and file the second copy of the notice with the court.
Because the provisions of 9.110(c) are clearly identified as an exception to the commencement provisions of 9.110(b) we agree with the Second District that the filing of a copy of the notice of appeal with the appellate court before filing a copy with the administrative body is sufficient to commence the appeal. Neither Lampkin-Asam, supra, nor Southeast First National Bank of Miami, supra, involved administrative appeals. Since here a copy of the notice of appeal was filed on August 17, 1978, within 30 days of the order involved, we hold that the appeal was timely filed and this court has properly acquired jurisdiction of the appeal.
Accordingly, the petitions for rehearing filed on July 12, 1979, and July 26, 1979, are granted and this cause is reinstated and shall proceed to disposition without oral argument.
DOWNEY, C.J., and MOORE, J., concur.
NOTES
[1] Courts which have construed F.A.R. 3.4(b)(3), the predecessor to the current Rule 9.420(d), have noted that the rule with reference to service does not apply to the strict jurisdictional requirements pertaining to the filing of a notice of appeal. In re Walker's Trust, 143 So.2d 363 (Fla. 2d DCA 1962). In fact, in In re Estate of Rogers, 205 So.2d 535 (Fla. 4th DCA 1967) this court noted that the fact that the clerk of this court had transmitted a copy of this court's opinion on the merits to appellant's counsel by mail did not extend the time for appellant to apply for a rehearing by three days under the terms of F.A.R. 3.4(b)(3). This is consistent with the fact that in allowing additional time to be added to the prescribed period whenever a party or clerk is required or permitted to do an act within some prescribed time after service of a document by mail, the rule refers only to acts which are required within a certain time after service. A final order or opinion, unlike the brief of an opposing party, is not served on a party but is simply filed by the clerk's office and distributed to the parties.