ON MOTION TO DISMISS APPEAL
PER CURIAM.
This is an appeal from an order of the deputy commissioner denying appellant workers’ compensation benefits. This order was rendered on December 21, 1979, and mailed to the parties the same day. Since the thirtieth day fell on January 20,1980, a Sunday, the time for filing the notice of appeal was extended to January 21, 1980. The notice was filed in this Court on January 21,1980; however, it was not filed with the deputy commissioner until the following day, January 22, 1980.
It is apparent from the above chronology that the notice of appeal filed with this Court was timely, but the notice filed with the deputy commissioner was untimely. The question thus presented by these facts is whether the failure to timely file a notice of appeal from a workers’ compensation order with a deputy commissioner deprives this Court of appellate jurisdiction where the notice was filed in timely fashion with this Court.
Appellant maintains that the rationale underlying Hines v. Lykes Pasco Packing, 374 So.2d 1132 (Fla. 2d DCA 1979) and Franchi v. Florida Department of Commerce, 375 So.2d 1154 (Fla. 4th DCA 1979) answers the above question in the affirmative. We disagree.
In the above cited cases the Second and Fourth District Courts of Appeal, respectively, held that, in administrative appeals, the notice of appeal is timely if it reaches the appellate court within thirty days, even though it is not filed with the agency within thirty days. These administrative appeals were governed by the particular provisions of Florida Rules of Appellate Procedure 9.110(b) and (c), which provide for filing the notice both with the appellate court and the agency. Further, in Hines, supra, the Second District Court of Appeal specifically observed:
The ambiguity inherent in the new rules requiring a notice to be filed in two places but not specifying which is jurisdictional may have created a procedural and technical pitfall. Id., at 1133.
The instant case, however, is not subject to the provisions of Florida Rules of Appellate Procedure 9.110(b) and (c). Instead, it is governed by Workers’ Compensation Rule of Procedure 16(a), which provides:
(a) Notice of Appeal. Notice of appeal of an order of a Deputy shall be filed with any Deputy within 30 days of the date copies of the Deputy’s orders were mailed to the parties. Appellant shall file the original and one *959 copy of the notice, accompanied by a $50.00 filing fee, by check or money order, payable to the Clerk of the District Court. Jurisdiction' of the District Court is invoked as of the date of filing of the notice of appeal with any Deputy. (Emphasis supplied.)
This rule does not provide for dual filing, as do Florida Rules of Appellate Procedure 9.110(b) and (c). Further, it is not in the least ambiguous, for it expressly defines this Court’s jurisdiction as “the date of filing the notice of appeal with any Deputy.” Thus, the rationale underlying Hines, supra, and Franchi, supra, is inapposite to the instant appeal.
Rather, we think that the instant matter is controlled by State ex rel. Diamond Berk Insurance Agency, Inc. v. Carroll, 102 So.2d 129 (Fla.1958), in which the Florida Supreme Court held:
[T]he timely filing of a notice of appeal at the place required by the rules is essential to confer jurisdiction on the appellate court. Id., at 130.
See also: Lampkin-Asam v. District Court of Appeal, 364 So.2d 469 (Fla.1978).
Accordingly, since the notice of appeal in this cause was not timely filed in the place specified in Workers’ Compensation Rule of Procedure, this Court is without jurisdiction to entertain this appeal.
The Motion to Dismiss Appeal is hereby granted.
McCORD, BOOTH and SHAW, JJ., concur.