501 So.2d 1323 (1986)
Burina ROBINSON, Appellant,
v.
MORRISON, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 4-86-1058.
District Court of Appeal of Florida, Fourth District.
December 31, 1986.
On Motion for Rehearing February 25, 1987.
*1324 Robert V. Steinhilber, Fort Lauderdale, for appellant.
John D. Maher, Tallahassee, for Appellee-Unemployment Appeals Commission.
GLICKSTEIN, Judge.
This is an appeal of a final action of the Unemployment Appeals Commission. We remand with directions.
Burina Robinson, employed for twelve years by the appellee employer, was dismissed from her employment for failing to appear for work on two successive Sundays. She filed a claim for benefits on October 15, 1985. On October 28, 1985, the claims adjuster made a determination disqualifying appellant from receiving benefits, because failure to work the new work schedule constituted misconduct connected with the employment. Appellant timely appealed this determination.
A notice was mailed to appellant on November 6, 1985, that a hearing on her appeal would be held November 22, 1985. Ms. Robinson did not appear at the hearing, and the appeal was dismissed. The dismissal decision was mailed to appellant November 25, 1985. Appellant filed her appeal of the appeals referee's decision on February 29, 1986, stating that she reported regularly to the unemployment office and kept inquiring about the appeal, but there was no word of it; that appellant had not received notice of a hearing or notice of the decision, and that the local unemployment office had no record that it had received notice, or the decision, prior to the inquiry made by appellant's counsel on February 7, 1986. Appellant's claim record card and file reflected that she was still reporting regularly, and was waiting for a hearing.
The Unemployment Appeals Commission dismissed the appeal, stating it lacked jurisdiction because the appeal was untimely filed. This appeal timely followed. The issue, restated, is whether appellant should be granted a hearing on the question of whether her dismissed appeal of the denial of her unemployment compensation claim should be heard on the merits  that is, whether the appellee commission should hold an evidentiary hearing to determine whether the notice of decision was mailed and delivered. We conclude that such hearing should be held by the appellee commission.
Appellant implies, but does not quite say, that the appellee should be estopped from standing on the claimed lack of jurisdiction, because appellee's procedures were defective, and some of its agents  the personnel at the claims office  were themselves misled and they in turn misled appellant.
Appellee basically tells us that section 443.151(4)(b)3, Florida Statutes, allows only twenty days after notice has been mailed of a referee's decision, or if it was not mailed, twenty days after delivery of such notice, for application for further review of such decision by the Commission. The statute mentions no exceptions and the pertinent administrative rule, rule 38E-3.006, Florida Administrative Code, requires dismissal if an application for review is not timely filed. The Commission found the referee's decision was mailed to appellant November 25, 1985, whereas Ms. Robinson did not apply for review until February 7, 1986.
*1325 Appellee cites case law as authority for the principle that Commission findings supported by facts may not be rejected on appeal. We think what appellee is attempting to say is that the standard of review is one of competent, substantial evidence.
Appellant counters with case law which she urges shows the way to a fair result. In Florida Department of Health and Rehabilitative Services v. Industrial Relations Commission, 297 So.2d 337 (Fla. 1st DCA 1974), a dismissed employee was granted unemployment benefits, and the employer requested a hearing before an appeals referee. The predecessor to the appellee here noticed a hearing for a specified date and it was held. Subsequently the referee's decision was prepared, and thereafter a notice of the decision was also prepared. Both papers indicate they were mailed on a certain date, and the notice of decision paper indicates that a date ten days after was the last day to file an appeal. The employer's appeal was, however, dated four days subsequent to the stated deadline. It was accompanied by a letter indicating appellant had not received the documents until two days after the stated deadline. There were several affidavits to support this statement, but no affidavit or other proof to support the date the Commission purportedly did its mailing.
In response to the employer's attempted appeal, the Commission recited the mailing date stated on the documents it allegedly mailed, said it was without jurisdiction to hear the appeal, and dismissed the application for review. Judicial review was then sought. Wrote the appellate court:
[I]n the proceeding giving rise to the petition for certiorari sub judice there was no proof before respondent of actual mailing of the referee's decision and notice on April 13, 1973. It appears that respondent Industrial Relations Commission simply assumed that such had been accomplished. In view of the overwhelming proof that the decision and notice had not been received until April 25, 1973 the respondent Commission should have, before entry of its order of dismissal, determined that such mailing either had or had not in fact been accomplished.
Accordingly, the petition is granted and this cause is remanded to the respondent the Industrial Relations Commission of the State of Florida, Florida Department of Commerce, for the purpose of determining whether the referee's decision and notice thereof, were in fact mailed on April 13, 1973.
Needless to say, should such mailing be not proven by a preponderance of the evidence then the order of dismissal should be vacated and set aside and further proceedings should be had in accordance with law. In the event said respondent should determine that such mailing was so accomplished on April 13, 1973 then the petitioner herein is at liberty to seek such further review as then may be appropriate.
Id. at 339. See also Colonnades Inc. v. Florida Department of Commerce, Division of Employment Security, 357 So.2d 238 (Fla. 1st DCA 1978).
The facts in the instant case seem, from the record, different, in that Ms. Robinson's sworn statement that she never received the notice of decision by the appeals referee is notable for its absence. However, all that the appellee has on which to base the date of the mailing is the date on the pertinent document. While in an administrative proceeding that could be called substantial, competent evidence, given the equities involved, we think it should not be here. A fired and unemployed cafeteria employee was arguably waiting for word on her appeal of a benefits disqualification, and relied on the claims office to keep her informed on what was happening.
The Florida Department of Health court also mentioned the Third District Court of Appeals' decision in Miami Dolphins, Ltd. v. Florida Department of Commerce, 252 So.2d 396 (Fla. 3d DCA 1971), as an authority it could use but did not need to rely on. In that case, the appellate court gave an employer the opportunity to present a defense to its failure to reply, within ten days, to notice that an *1326 examiner had decided a claim for unemployment compensation was valid. The employer claimed the delivery of the notice had been delayed by the Christmas mail glut and had been received after the ten day period had expired.
Appellant also quotes orders of the Commission's predecessor body, in which claims by employer/appellants of nonreceipt of notices of hearings or of decisions were handled by ordering remand for evidentiary proceedings to determine whether the mailing occurred or whether it failed to be received. One order suggests that not merely mailing but delivery of the notice is crucial.
If the Commission or its predecessor has accommodated employers when deadlines have appeared to have been missed, but the employer claimed tardy receipt of papers from the agency, surely those whom the statute was intended to benefit should be accorded comparable deference. Here, the former employee maintains she never received notice of the decision until after her attorney began his investigation, and that the local claims office likewise had no record of such notice until the same occurrence.
DOWNEY and WALDEN, JJ., concur.

ON APPELLEE-UNEMPLOYMENT APPEALS COMMISSION'S MOTION FOR REHEARING OR CLARIFICATION
Rehearing is denied, but the court supplies the following clarification:
No comment on the impartiality of the Commission was intended in the first sentence of the last paragraph of the opinion in this case filed December 31, 1986. This court had neither need nor desire to make such an assessment, nor sufficient data on which to base one. The apparently infelicitous language was an attempt at stating a syllogism in truncated fashion. At the risk of again revealing susceptibility to foot-in-mouth disease, we frame the syllogism more completely as follows:
PREMISE A: A purpose of the enactment of the unemployment compensation statute was to remedy in part the financial difficulties of persons who have lost their jobs, provided certain conditions are present.
PREMISE B: On occasion employers claiming tardy receipt of papers from the Commission or its predecessor, caused them to miss a deadline, have been given an opportunity to show that this was so.
CONCLUSION: A person seeking benefits under the statute who makes a similar claim should have a similar opportunity.
There was no intention to intimate that in such circumstances unemployed workers have not received fair treatment from the Commission.
DOWNEY and WALDEN, JJ., concur.