PER CURIAM.
The appellant filed his notice of appeal within thirty days from a final judgment of garnishment entered on October 17, 2002. The notice of appeal states that appellant is also appealing an order denying an amended emergency motion to dissolve the original permanent injunction granted in this case, which also awarded attorney’s fees. That order was entered on June 14, 2002. No appeal was filed within thirty days of that order. We conclude that an appeal from the June 14th order is untimely, because the order was not an interlocutory order in the garnishment proceeding but was a post-judgment motion directed to the original final judgment in this action. Whether we treat it as a post-judgment motion appealable pursuant to Florida Rule of Appellate Procedure 9.130(a)(5) or a final order pursuant to Rule 9.110(a), an appeal from the order must be filed within thirty days of rendition for this court to have jurisdiction to review. See Fla. R.App. P. 9.110(b); 9.130(b); Franchi v. Fla. Dep’t of Commerce, Div. of Employment Sec., 375 So.2d 1154, 1155 (Fla. 4th DCA 1979) (noting failure to file within thirty-day period constitutes an irremediable jurisdictional defect).
As all of the issues raised on appeal deal with the order denying the motion to dissolve the permanent injunction and an attack on the original final judgment, we have no jurisdiction to consider them. Appellant having raised no issue regarding the validity of the garnishment itself, the final judgment is affirmed.
GUNTHER, WARNER and MAY, JJ., concur.