MILLS, Judge.
Mr. Corbin’s driver’s license was revoked by the Director, Department of Highway Safety and Motor Vehicles, Division of Driver’s Licenses, and following an administrative hearing the revocation was affirmed by letter of 25 June 1976. On 17 August 1976, 53 days later, Mr. Corbin filed a Petition for Writ of Mandamus and/or Suggestion for Writ of Prohibition with the trial court seeking writs prohibiting the Director from revoking his license and directing the Director to issue a license to him. The trial court issued both writs. The Director appeals.
The issue before us is whether the trial court had jurisdiction to enter the writs. It did not.
Section 322.31, Florida Statutes (1975), provides:
“Right of review — The final orders and rulings of the department wherein any person is denied a license, or where such license has been cancelled, suspended or revoked, shall be reviewable in the manner and within the time provided by the Florida appellate rules only by a writ of Certiorari issued by the circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida appellate rules.”
Florida Appellate Rule 4.5 c. (1) provides in pertinent part:
“Application for writ of certiorari shall be by petition filed in the Court within 30 days from the rendition of the decision, order, judgment or decree sought to be reviewed. . . .”
In the case before us, Corbin not only failed to seek review by petition for writ of certiorari as required by Section 322.31, but if we should treat the petition and suggestion filed by Mr. Corbin as a petition for writ of certiorari, it was not filed within thirty days from entry of the administrative order as required by Fla.App.R. 4.5 c. (1).
The trial court lacked jurisdiction to enter the writs of prohibition and mandamus. Accordingly, they are quashed.
BOYER, C. J., and ERVIN, J., concur.