482 So.2d 604 (1986)
Leonard MELLON, As Executive Director, Department of Highway Safety, Etc., Appellant,
v.
Mack Kenaston CANNON, Appellee.
No. 85-498.
District Court of Appeal of Florida, Fifth District.
February 13, 1986.
*605 Enoch J. Whitney, Gen. Counsel and Suzanne G. Printy, Asst. Gen. Counsel, Dept. of Highway Safety & Motor Vehicles, Tallahassee, for appellant.
Kenneth A. Studstill, P.A., Titusville, for appellee.
DAUKSCH, Judge.
This is an appeal from a writ of mandamus issued by the circuit court directing appellant to "correct the Department of Highway Safety Vehicles' traffic records on [appellee] so that [his] DUI conviction dated August 29, 1984, will be treated as a first DUI conviction and result in the minimal sentence allowable by Statute for such first conviction."
In August 1984 appellee was convicted of DUI. According to appellant's records this conviction was a second conviction and required a revocation of his driver license for five years. § 322.28, Fla. Stat. Appellee was notified of this and had thirty days within which to seek certiorari review by the circuit court under section 322.31, Florida Statutes. He failed to do this even though there is some indication that he would have been successful in his efforts because a county court had set aside his first conviction.
Some seventy-seven days after rendition of appellant's order of revocation appellee petitioned for a writ of mandamus and was ultimately granted the writ appealed.
Appellee sought the wrong remedy, in an untimely manner and it was error to give him the relief. We do not discuss the issues regarding improper notice and ex parte proceedings because we quash the writ on the other grounds Keith v. Corbin, 346 So.2d 1223 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 170 (Fla. 1977).
The writ of mandamus is quashed and this cause remanded to the circuit court to withdraw its requirement of "correction" of records and threat of contempt.
Writ quashed.
ORFINGER J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
On October 16, 1980, appellee, a licensed vehicle driver, was convicted of driving under the influence (DUI) (§ 316.1931, Fla. Stat.). On June 5, 1984, a county court judge, acting on a motion to vacate, voided the October 16, 1980, conviction as it related to enhancement of penalties under chapters 316 and 322, Florida Statutes. On August 29, 1984, the driver was convicted of another charge of DUI. When the Department of Highway Safety and Motor Vehicles received notice of the August 29, 1984, conviction the Department's records reflected the October 16, 1980, conviction but did not reflect the county court order of June 5, 1984. Therefore, on October 1, 1984, the Department entered its order revoking the driver's license for five years, the penalty for a second DUI conviction. Section 322.31, Florida Statutes, provides in substance that all orders of the department revoking licenses shall be reviewed only by a writ of certiorari in the circuit court in the county where the driver resides in the manner provided in the Florida appellate rules. Florida Rule of Appellate Procedure 9.100(c) requires petitions for common law certiorari to be filed within thirty days of rendition of the order to be reviewed. The *606 driver in this case did not file a petition for certiorari review within thirty days of the Department's revocation order of October 1, 1984. Instead, on December 17, 1984, the driver filed in the circuit court a petition for writ of mandamus for an order directing the Department to show cause on January 14, 1985, why a peremptory writ of mandamus should not be issued directing the Department to recognize the county court order of June 5, 1984, and to treat the August 29, 1984, DUI conviction as a first conviction and allow the driver reinstatement privileges as a first offender. When the Department failed to appear on January 14, 1985, the court issued its peremptory writ commanding the Department to appear on February 11, 1985. When the Department failed to appear on February 11, 1985, as ordered the court issued its absolute writ of mandamus. Thereafter, the Department moved for rehearing and argued that section 322.31 was the driver's exclusive remedy for review and that the circuit court did not have jurisdiction in the mandamus proceeding. The circuit court denied the motion for rehearing and the Department appeals.
In this case the Department revoked the driver's license without notice or preliminary hearing under statutes that authorized the Department to do so based on the driver's prior history as determined by the Department "from its records" (§§ 322.28(2)(d) and 322.282(2), Fla. Stat.) (emphasis supplied). As apparently the Department's own records did not reflect the county court order of June 5, 1984, the Department acted properly in issuing its October 1, 1984, revocation order.
Section 322.31, Florida Statutes, provides only for a certiorari review of final orders and rulings of the Department. Although the scope of inquiry in a common law certiorari review has been greatly enlarged,[1] no case yet holds that in a certiorari proceeding the reviewing court can disregard the fact that the decision being reviewed was properly made by the forum being reviewed on the issues and facts before it and receive new and additional evidence as to issues and evidence not considered by the forum being reviewed and, in effect, retry the controversy in a trial de novo.[2] Therefore, the remedy by certiorari provided in section 322.31, Florida Statutes, was inadequate to give the relief to which appellee driver was entitled and the extraordinary remedy of mandamus was appropriate.
Formerly, a driver, whose license had been revoked by the Department, was entitled to a post-revocation administrative hearing. In Keith v. Corbin, 346 So.2d 1223 (Fla. 1st DCA 1977), cert. denied, 352 So.2d 170 (Fla. 1977), it was the final order of the Department affirming its prior revocation after an administrative hearing before the Department in which Corbin had an opportunity to present issues and evidence, that Corbin was entitled to have reviewed by certiorari under section 322.31, Florida Statutes (1975). In 1975 the right to a post-revocation administrative hearing before the Department was eliminated and Chapter 75-191, section 5, Laws of Florida, was enacted providing a formal post-revocation administrative hearing regarding driver's licensing pursuant to Chapter 322. That statute still exists as present section 120.57(1)(a)3., of the Administrative Procedure Act, Chapter 120, Florida Statutes. However, the right to a post-revocation administrative hearing under section 120.57(1)(a)3., Florida Statutes, was eliminated by a 1978 amendment to section 322.31 (Ch. *607 78-95, § 20, Laws of Fla.). Therefore, this latter amendment effectively eliminated all statutory right of a driver, whose license has been summarily revoked without notice, to an administrative hearing in which he has an opportunity to present his case. As explained above, because of the nature of the remedy itself, certiorari review in the circuit court presently provided by section 322.31 is not, and cannot be, a substitute for an original hearing before a fact-finder.
Article V, Section 5(b), Florida Constitution, vests original jurisdiction in circuit courts to issue certain original writs including writs of mandamus and certiorari. Article V, Section 2(a), Florida Constitution, authorizes the supreme court to adopt rules for the practice and procedure in all courts including the time for seeking appellate review. The supreme court has exercised this constitutional power in adopting Florida Rule of Appellate Procedure 9.100(c) which provides that petitions for common law certiorari must be filed within thirty days of rendition of the order to be reviewed; this rule constitutes a jurisdictional limitation on the invocation of the original certiorari jurisdiction of the circuit court and the district court of appeal. See Fla.R.App.P. 9.100(b). However, there is no similar time limitation for invoking the mandamus jurisdiction of a court. Neither by section 322.31, Florida Statutes, nor by any other statute, can the legislature constitutionally limit the jurisdiction given by the Florida Constitution to courts. When in 1975, Keith v. Corbin, supra, held that the circuit court's jurisdiction to issue writs of mandamus in matters involving the revocation of driver's licenses was limited by section 322.31, Florida Statutes, drivers had the right to present a case to an original fact-finder, as Mr. Corbin did. Between 1975 and 1978, a driver had the right to an evidentiary hearing under section 120.57(1)(a)3.; but since the 1978 amendment to section 322.31 that right is no longer provided by any statute. The right of certiorari review of the Department's unilateral action based solely on its own records is constitutionally inadequate where, as here, the driver's rights are based on facts not contained in the Department's own records. Accordingly, because a driver has a constitutional due process right to either a pre-revocation or a post-revocation evidentiary hearing where he can make a presentation of evidence, and none is provided by statute and certiorari review is not adequate for that purpose, the mandamus proceeding in this case was proper.
The circuit court had original constitutional jurisdiction to issue a writ of mandamus in this case, that jurisdiction was properly invoked by the petition in this case and was perfected by service of process. The Department of Highway Safety and Motor Vehicles did not properly respond to the court's alternative writ and the circuit court had jurisdiction to, and did, properly issue its peremptory writ of mandamus and it should be affirmed.
NOTES
[1] Compare Combs v. State, 436 So.2d 93 (Fla. 1983), with Atlantic Coastline RR v. Florida Fine Fruit Company, 93 Fla. 161, 112 So. 66 (1927), and see Rogers and Baxter, Certiorari in Florida, 4 U. of Fla.L.Rev. 477 (1951).
[2] Compare section 163.250, Florida Statutes, which authorizes certiorari review from circuit courts to zoning boards of adjustment or a trial de novo including the taking of evidence and the entry of such judgment as the circuit court deems proper. Before the advent of the Department of Professional Regulation (§ 20.30, Fla. Stat.) and the Administrative Procedures Act (Ch. 120), statutes authorized certiorari or a trial de novo to some professional boards (see, e.g., § 462.15, Fla. Stat. (1961) (Board of Naturopathic Examiners)) after those boards had provided a full evidentiary hearing.