## FASO v STATE OF FLORIDA
### Case No. 90-0048 AC (A) 02
Fifteenth Judicial Circuit, Palm Beach County

March 20, 1991

### APPEARANCES OF COUNSEL

**Thomas J. Woolley, Jr., Esquire,** for petitioner/appellant.

**Enoch J. Whitney,** General Counsel and **Judson M. Chapman,** Assistant General Counsel, for respondent/appellee.

Before CARLISLE, COLBATH, WENNET, JJ.

### OPINION OF THE COURT

PER CURIAM.

### ON MOTION FOR REHEARING

We explain the opinion previously issued; however, the motion for rehearing is denied. Leanna M. Faso seeks a rehearing of the dismissal for lack of jurisdiction of her Petition for Writ of Certiorari.

Petitioner argues that the Department's order suspending her license is dated June 29, 1990, and that the petition was filed July 25, 1990, i.e., within 30 days. It is true that the suspension was effective as of

June 29. Rule 9.100(c), Florida Rules of Appellate Procedure provides that jurisdictional time begins to run from the date an order is rendered; it does not say from the date an order is effective.

Rule 9.120(g) defines rendition as the filing of a signed written order with the clerk of the lower tribunal. In the companion case of McGaffic v State, Case No. 90-0047, Paragraph 2 of the McGaffic's Affidavit states

A copy of said Order of License Revocation or Suspension was mailed by the Department on June 6, 1990, and received by the Affiant on June 9, 1990.

Faso's affidavit fails to state when the department's order was mailed or when she received it, as McGaffic's does. In the absence of any proof to the contrary, it appears to the Court that the department's order upholding the suspension of Faso's license was also mailed on June 6, 1990. Accordingly, the order was rendered on June 6, the date of mailing, or before, and the petition should have been filed no later than July 6. *See Mellon v Cannon*, 482 So.2d 604 (Fla. 5th DCA 1986) and *Keith v Corbin*, 346 So.2d 1223 (Fla. 1st DCA 1977).

Orders of administrative agencies acting in a quasi-judicial capacity are not "rendered" with the same precision generally accorded judgments and orders of courts. Accordingly, it was found that it was necessary to establish a satisfactory manner by which to determine the date an administrative order was "rendered" so parties seeking review by certiorari proceedings would know when the 30 days for the petition commences. The date of rendition was thus held to be when the party received notice, i.e., three days after the date the order was mailed. *Dubin v Department of Business Regulation*, 252 So.2d 290 (Fla. 1st DCA 1971). *See also Martorano v Florida Industrial Commission*, 160 So.2d 744 (Fla. 3d DCA 1963).

However, the necessity for developing a scheme to determine when an administrative order was rendered ended with the adoption of the new appellate rules and it was found that the addition of time after service by mail was inapplicable to appeals from administrative agencies. *Franchi v Florida Department of Commerce, Division of Employment Security, Board of Review*, 375 So.2d 1154 (Fla. 4th DCA 1979). Accord, *First National Bank in Fort Myers v Florida Unemployment Appeals Commission*, 461 So.2d 108 (Fla. 1st DCA 1984).

The petition for writ of certiorari not being filed within 30 days of rendition of the department's order is denied for lack of jurisdiction. *Mellon v Cannon*, supra.

Motion for rehearing DENIED.

34

CARLISLE, COLBATH and WENNET, JJ., concur.