CAMPBELL, Acting Chief Judge.
Appellant, State of Florida, Department of Highway Safety and Motor Vehicles (the Department), appeals the final order granting a writ of mandamus requiring the Department to treat appellee, James H. Tremmel (Trem-mel), as an individual with a ten-year revocation of his driving privilege rather than as an individual with a permanent revocation. The permanent revocation was imposed pursuant to section 322.28, Florida Statutes (1981), for Tremmel’s fourth conviction of driving while under the influence of an alcoholic beverage (DUI). We reverse.
After Tremmel was charged and convicted on June 13, 1983, for his fourth DUI offense, the Department notified him that his driving privilege, pursuant to section 322.28, was-permanently revoked with an effective date of the last DUI conviction, June 13, 1983.
Tremmel sought no review, appellate or otherwise, of his convictions or of the Department’s action permanently revoking his driving privilege.
In April 1990, nearly seven years later, Tremmel requested a record review with the Department to discuss his driving privilege and the requirements for obtaining a discretionary restricted hardship license under the newly-amended section 332.271, Florida Statutes (1990). The Department scheduled and held that record review on April 20, 1990. The Florida Legislature, during its 1990 session, had amended section 322.271(4), Florida Statutes (1989), to allow individuals whose driving privileges had been permanently revoked due to having four DUI convictions an easier means of obtaining the discretionary restricted hardship license. Tremmel was notified that the effective date of that 1990 legislation was November 1, 1990.
Apparently nothing further transpired until October 1,1991, when Tremmel’s attorney again contacted the Department concerning Tremmel’s driving privilege. The Department treated the attorney’s letter as a request for a discretionary restricted hardship license hearing under section 322.271, and noticed and scheduled a discretionary hardship license administrative hearing for October 25, 1991. At the conclusion of that administrative hearing, Tremmel was informed again of the requirements necessary for obtaining the discretionary hardship license. Although Tremmel was given two weeks to submit the required documentation to obtain the restricted driving privilege, he failed to do so and, again, nothing further transpired.
On February 12, 1992, Tremmel filed a petition for a writ of mandamus in the lower court, asserting that at the time of his last conviction in 1983, the Department only had the authority to revoke his driving privilege for ten years under section 322.28. He asserted that no provision existed for “permanent revocation” until October 1, 1984, when the legislature adopted chapter 84-359, providing for “permanent” revocation after four DUI convictions. See § 322.28(2)(f), Fla. Stat. (1984).
Following the Department’s response, the court entered its written opinion and order on January 22, 1993, granting the writ of mandamus. The court compared section 322.28, as it existed in 1983, with the changes effected by chapter 84r-359, Laws of Florida, and determined that the most severe sanction which could have been imposed against Tremmel’s privilege to drive on June 13, 1983, the date of his fourth DUI conviction, was a ten-year revocation. The court erred in reaching this conclusion. The applicable provisions of section 322.28, as it existed on June 13, 1983, provide as follows:
(2) In a prosecution for the offense of driving a motor vehicle with an unlawful blood alcohol level or while under the influence of alcoholic beverages or controlled substances to the extent that normal faculties are impaired, as defined in s. 316.-193(1), the following provisions shall apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall *744 revoke the driver’s license or driving privilege of the person so convicted and shall prescribe the period of such revocation in accordance with the following provisions:
[[Image here]]
3. Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provisions of s. 316.193 or s. 316.1931 or a combination of such sections, the driver’s license or driving privilege shall be revoked for not less than 10 years.
[[Image here]]
(b) If the period of revocation was not specified by the court at the time of imposing sentence or within 30 days thereafter, the department shall forthwith revoke the driver’s license or driving privilege for the maximum period applicable under paragraph (a) for a first conviction and for the minimum period applicable under paragraph (a) for any subsequent convictions.
[[Image here]]
(d) When any driver’s license or driving privilege has been revoked pursuant to the provisions of this section, the department shall not grant a new license, except upon reexamination of the licensed after the expiration of the period of revocation so prescribed.
[[Image here]]
(f) No driver’s license or driving privilege shall be issued or granted to a person who has been convicted four times for violation of s. 316.193 or s. 316.1931 or a combination of such sections, nor shall such permit or license be issued to a person who has been convicted of manslaughter resulting from the operation of a motor vehicle and who has been convicted of a violation of s. 316.193 or s. 316.1931. This paragraph applies only if at least one of the convictions for violation of s. 316.193 or s. 316.1931 was for a violation that occurred after July 1, 1982. For the purposes of this paragraph, a conviction for violation of former s. 860.01 shall also be considered a conviction for violation of s. 316.1931.
(Emphasis supplied.)
Tremmel was convicted of his third DUI offense on January 10, 1983, and in accord with section 322.28(2)(a)(3), his license was revoked for ten years. Then five months later, on June 13, 1983, he was convicted of his fourth DUI conviction, and the Department notified him that his license was permanently revoked. In doing so, the Department acted within the authority given it by section 322.28 as it existed at the time. Section 322.28(2)(a)(3) required the Department to revoke Tremmel’s license for a minimum of ten years upon his third DUI conviction on January 10, 1983. Then, when Tremmel was convicted for his fourth DUI on June 13, 1983, he was no longer entitled to be reissued a driver’s license because section 322.28(2)(f) prohibited it, thereby making the revocation of Tremmel’s license permanent.
The pertinent provisions of section 322.28, as amended in 1984, provide as follows:
322.28 Period of suspension or revocation.—
(1) Unless otherwise provided by this section, the department shall not suspend a license for a period of more than 1 year and, upon revoking a license, in any case except in a prosecution for the offense of driving a motor vehicle while under the influence of alcoholic beverages, chemical substances as set forth in s. 877.111, or controlled substances, shall not in any event grant a new license until the expiration of 1 year after such revocation.
(2) In a prosecution for a violation of s. 316.193 or s. 316.1931, the following provisions apply:
(a) Upon conviction of the driver, the court, along with imposing sentence, shall revoke the driver’s license or driving privilege of the person so convicted and shall prescribe the period of such revocation in accordance with the following provisions:
[[Image here]]
3. Upon a third conviction within a period of 10 years from the date of conviction of the first of three or more convictions for the violation of the provisions of s. 316.193 or s. 316.1931 or a combination of such sections, the driver’s license or *745 driving privilege shall be revoked for not less than 10 years.
[[Image here]]
(b) If the period of revocation was not specified by the court at the time of imposing sentence or within SO days thereafter, the department shall forthwith revoke the driver’s license or driving privilege for the maximum period applicable under paragraph (a) for a first conviction and for the minimum period applicable under paragraph (a) for any subsequent convictions.
[[Image here]]
(d) When any driver’s license or driving privilege has been revoked pursuant to the provisions of this section, the department shall not grant a new license, except upon reexamination of the licensee after the expiration of the period of revocation so prescribed.
[[Image here]]
(f) The court shall permanently revoke the driver’s license or driving privilege of a person who has been convicted four times for violation of s. 316.193 or s. 316.-1931 or a combination of such sections or a person who has been convicted of manslaughter resulting form the operation of a motor vehicle or vehicular homicide and who has been convicted of a violation of s. 316.193 or s. 316.1931. If the court has not permanently revoked such license or privilege within 30 days after imposing sentence, the department shall permanently revoke the license or privilege pursuant to this paragraph. No driver’s license or driving privilege may be issued or granted to any such person.
(Emphasis supplied.)
The changes in section 322.28(2)© affected by chapter 84-359, Laws of Florida, did not change the practical effect of the statute as it pertained to a person convicted of the fourth DUI offense.
The writ of mandamus issued by the trial court is reversed and the cause remanded for treatment consistent with this opinion.
THREADGILL and BLUE, JJ., concur.