709 So.2d 623 (1998)
Kathyren Starr JOHNSON, Petitioner,
v.
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, DIVISION OF DRIVER'S LICENSES, Respondent.
No. 98-0136.
District Court of Appeal of Florida, Fourth District.
April 15, 1998.
Phillip T. Crenshaw of Phillip T. Crenshaw, P.A., Lake Worth, for petitioner.
Enoch J. Whitney, General Counsel, and Heather Rose Cramer, Assistant General Counsel, West Palm Beach, for respondent.
SHAHOOD, Judge.
We grant the petition for writ of certiorari, quash the Circuit Court's order summarily denying the petition for writ of certiorari and remand for review on the merits.
Petitioner's driver's license was revoked pursuant to Florida Statutes § 322.221(2)(c) and (3) on the ground that she was medically not qualified to drive because she suffers from seizures. The notice of revocation and accompanying letter informed her that she could request an administrative hearing. The notice states:
HOW TO APPLY FOR ADMINISTRATIVE HEARING TO REVIEW YOUR RECORD: If you believe that you have any legal basis to show cause why this action is unjustified, you may request a RECORD REVIEW at which time any argument, other than the validity of a conviction, may be presented to a hearing officer for review. A request for a record review shall not toll the time in which to file a writ of certiorari in accordance with § 322.31 F.S.
*624 Instead of requesting a record review pursuant to the notice, the petitioner filed a petition for writ of certiorari in the circuit court. The circuit court denied the petition on the ground that the petitioner had failed to exhaust her administrative remedies.
Florida Statutes § 322.27(7) and § 322.31 (1997) provide that review of a final order revoking a driver's license is by petition for writ of certiorari filed in the circuit court. The respondent, Department cites Rule 15A-5.002(4), Florida Administrative Code, which makes reference to formal administrative hearings on revocations by the Medical Advisory Board, but does not itself create a right to such administrative review.[1]
Prior to 1978, the Florida Statutes provided for formal administrative review of administrative orders that revoked drivers' licenses without notice pursuant to the Florida Administrative Procedures Act. That intermediate level of review was eliminated by Laws of Florida chapter 78-95, section 20, which made the following addition to Florida Statutes § 322.31:
The final orders and rulings of the department wherein any person is denied a license, or where such license has been canceled, suspended, or revoked, shall be reviewable in the manner and within the time provided by the Florida Rules of Appellate Procedure only by a writ of certiorari issued by the circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida Rules of Appellate Procedure, any provision in chapter 120 to the contrary notwithstanding.

That additional language "effectively eliminated all statutory right of a driver, whose license has been summarily revoked without notice, to an administrative hearing in which he has an opportunity to present his case," and limited the right to seek review of a summary revocation to certiorari review in the circuit court. Mellon v. Cannon, 482 So.2d 604, 607 (Fla. 5th DCA 1986). The Department takes the position that review remains available under the Administrative Procedures Act, but it cites no authority to support that proposition and it does not explain away the contrary language that was added to § 322.31 by chapter 78-95.
The Department adopted rule 15A-5.002 in 1981, well after the statutory provision for administrative review was eliminated. The reference in that rule to a "formal administrative hearing" therefore conflicts with the statute as amended in 1978. An administrative agency is not permitted to enlarge, modify, or contravene the provisions of a statute. Where an agency adopts a rule that conflicts with a statute, the statute prevails. DeMario v. Franklin Mortgage & Inv. Co., Inc., 648 So.2d 210, 214 (Fla. 4th DCA 1994), rev. denied, 659 So.2d 1086 (Fla. 1995). The Department could not adopt a rule that provided for administrative review of a revocation order after the legislature provided that review of such final orders would be by petition for writ of certiorari filed in the circuit court.
There is no requirement that a driver whose license has been revoked for medical reasons seek administrative review before filing a petition for writ of certiorari.
We therefore hold that the circuit court departed from the essential requirements of law by denying review on the grounds that petitioner had failed to exhaust her administrative remedies because there was no administrative remedy available to petitioner.
CERTIORARI GRANTED; REMANDED FOR FURTHER PROCEEDINGS.
STONE, C.J., and DELL, J., concur.
NOTES
[1] That section of the rule provides:

(4) In those cases where a formal Administrative Hearing has been requested and held and medical information which was not made available to the Board when the original recommendation was made is admitted into evidence, prior to entry of a Recommended Order, the Hearing Officer shall cause a copy of the official transcript and exhibits to be transmitted to the Chairman, who shall forward them to the member or members who made the original recommendation for purposes of reconsideration of the original recommendations in light of those new matters brought out at the hearing.
Such reconsideration shall be a part of the record of the proceedings and shall be considered in determining whether to grant, suspend or deny the applicant's driving privileges.