799 So.2d 1069 (2001)
Andrew VICHICH, Petitioner,
v.
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Respondent.
No. 2D00-3875.
District Court of Appeal of Florida, Second District.
September 21, 2001.
*1070 Larry Sandefer, Clearwater, for Petitioner.
Enoch J. Whitney, General Counsel, and Richard Simpson, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for Respondent.
ALTENBERND, Acting Chief Judge.
Andrew Vichich seeks certiorari review of a circuit court order that denied his request for certiorari relief from an administrative order rendered by the Department of Highway Safety and Motor Vehicles (DHSMV). The administrative order from the DHSMV permanently revoked Mr. Vichich's driver's license based upon internal records containing noncertified information from Wisconsin indicating that Mr. Vichich had received three DUI convictions more than ten years ago. Although Mr. Vichich has never denied these convictions under oath, he sought review of the DHSMV's order by means of a petition for certiorari to the circuit court as authorized by section 322.31, Florida Statutes (1999). In reviewing the administrative order, the circuit court sought to supplement its record and make factual findings. Because the circuit court departed from the essential requirements of law by engaging in fact-finding and by considering evidence beyond the appellate record during the certiorari proceeding, we grant the petition. We remand this case to the circuit court to conduct a proper certiorari review.

I. THE PROCEEDINGS PRIOR TO THIS CERTIORARI PETITION[1]
Mr. Vichich pleaded no contest in county court to a charge of driving under the *1071 influence of alcohol on May 6, 1999. The county court entered a judgment and sentence, but did not suspend or revoke Mr. Vichich's license. On June 17, 1999, however, the DHSMV mailed an administrative order to Mr. Vichich permanently revoking his license.[2] This order, entered without prior notice to Mr. Vichich, stated that the reason for the revocation was the May 6, 1999, conviction for DUI and three prior Wisconsin convictions for "operating while impaired." One of the Wisconsin convictions allegedly occurred in 1981 and the other two in 1984. The following information was provided in fine print at the bottom of the DHSMV's order:
HOW TO APPLY FOR ADMINISTRATIVE HEARING TO REVIEW YOUR RECORD: If you believe that you have any legal basis to show cause why this action is unjustified, you may request a RECORD REVIEW at which time any argument, other than the validity of a conviction, may be presented to a hearing officer for review. A request for a record review shall not toll the time in which to file a writ of certiorari in accordance with S. 322.31 F.S. If you believe there is an error in a court entry on your driving record as listed above, you must contact the court involved as the court must send written certification to our Department for a Review under S. 120.57(2) F.S. before any court entry or action may be changed.... Appeals of this order may be initiated within 30 days of the date of this order by following the procedure specified in S. 322.31 F.S.
Upon receiving this order, Mr. Vichich sought immediate review by filing a petition for writ of certiorari with the circuit court in July 1999. Mr. Vichich attached to his petition a document entitled "Certified Record" from the Wisconsin Department of Transportation and alleged, "The State of Wisconsin indicates in its certified record no convictions for Driving Under the Influence."[3]
The DHSMV filed a response to the petition and attached a "Driving Record Abstract" from the State of Wisconsin, Department of Transportation, dated in 1985. This abstract appears to be a photocopy or microfiche copy of a coded document created by the Wisconsin Department of Transportation. This abstract is not certified or notarized. Our record contains no information about when, how, or why the DHSMV received this document.[4]
After reviewing the petition and the response, the circuit court entered an order directing the DHSMV to supplement the circuit court's record. The circuit court noted that the documents attached to the petition and to the response provided both *1072 the proper birth date and driver's license for Mr. Vichich, but the records were in conflict.[5] The circuit court noted that the document provided by the DHSMV was not authenticated, and there was no indication of how the DHSMV obtained this record. Thus, the circuit court ordered the DHSMV to supplement the record with some authentication or further proof of Mr. Vichich's Wisconsin driving record.
In response to this order, the DHSMV submitted a letter dated August 30, 1999, from a "Transportation Customer Representative" of the "Alcohol/Drug Review Unit" from the Wisconsin Department of Transportation. In the letter, the Customer Representative "confirms" that Mr. Vichich received two convictions for "operating while intoxicated" in the State of Wisconsin. There is no mention of a third conviction. This letter is not notarized or otherwise authenticated. It does not discuss the circumstances under which the 1985 abstract was created.
After reviewing these records, the circuit court entered an order denying the petition for writ of certiorari. The circuit court made a finding of fact that Mr. Vichich had been convicted four times of driving while intoxicated, or operating a vehicle while impaired, as it is described in Wisconsin. According to the order, three of these convictions occurred in Wisconsin and the last in Florida. After making this finding, the circuit court decided that the DHSMV's order was supported by competent, substantial evidence in light of the information in both the 1985 driving abstract and the letter from the Wisconsin Department of Transportation.
Mr. Vichich now seeks a petition for certiorari from this court, arguing that the trial court departed from the essential requirements of law by engaging in factfinding. We agree and grant the petition.

II. CERTIORARI REVIEW OF ADMINISTRATIVE ORDERS OF THE DHSMV
The DHSMV sought to revoke Mr. Vichich's driver's license based upon the legislative mandate in sections 322.26(1)(a) and 322.28(2)(e), Florida Statutes (1999). Sections 322.26(1)(a) and 322.28(2), (3) require the DHSMV to permanently revoke a driver's license when the driver has received a fourth conviction for driving under the influence and the criminal court has not revoked the license. Section 322.24, Florida Statutes (1999), allows the DHSMV to revoke a license based upon out-of-state convictions for offenses which, if committed within the state, would be grounds for revocation. None of these statutes provide for a specific administrative review of any order issued by the DHSMV.[6] However, section 322.31, Florida Statutes (1999), provides:

*1073 The final orders and rulings of the department wherein any person is denied a license, or where such license has been canceled, suspended, or revoked, shall be reviewable in the manner and within the time provided by the Florida Rules of Appellate Procedure only by a writ of certiorari issued by the circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida Rules of Appellate Procedure, any provision in chapter 120 to the contrary notwithstanding.
At least one court has interpreted this statute as terminating any prior entitlement to an administrative review of a DHSMV decision to suspend or revoke a license prior to seeking certiorari review. See Johnson v. State, Dep't of Highway Safety & Motor Vehicles, 709 So.2d 623 (Fla. 4th DCA 1998) (relying on amendments to section 322.31 made by chapter 78-95, section 20, Laws of Florida, to hold that review of DHSMV order is available only by filing petition for certiorari with circuit court).[7]
Certiorari review permits the circuit court to review the order from the DHSMV only to determine (1) whether procedural due process had been accorded, (2) whether the essential requirements of the law had been observed, and (3) whether the administrative findings and judgment were supported by competent, substantial evidence. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla. 1995). The circuit court in this process performs a "review"; it does not sit as a trial court to consider new evidence or make additional findings. See Mellon v. Cannon, 482 So.2d 604, 607 (Fla. 5th DCA 1986) (Cowart, J., dissenting).
The circuit court's review is governed by Florida Rule of Appellate Procedure 9.190. The record before the circuit court "shall include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court." Fla. R.App. P. 9.190(c)(1). Because the DHSMV, as the "lower tribunal,"[8] never conducted a hearing, we candidly admit that we are uncertain what records constitute the record in this specific quasi-judicial proceeding as compared to the more general records maintained by the DHSMV.
It appears that the only document reviewed by the DHSMV to support its order was the 1985 abstract. Thus, certiorari review allowed the circuit court to determine whether the 1985 abstract, standing alone, was competent, substantial evidence to support the DHSMV's order permanently revoking Mr. Vichich's license.[9] *1074 Because all evidence before the DHSMV was introduced without a hearing and with no opportunity for Mr. Vichich to object, on remand the circuit court may need to determine whether, as a matter of due process, this information was properly admitted into evidence in the lower tribunal and relied upon by it to support the order.
In light of the confusion in the case law concerning the procedures to use in this context, we understand the circuit court's pragmatic desire to function as a trial court and attempt to resolve the disputed issue of fact presented in this case. Nevertheless, the circuit court had no authority to request or obtain the additional, extra-record information provided in the new letter from Wisconsin. To the extent that the circuit court relied upon this new information in making its decision that the earlier order was supported by competent, substantial evidence, the circuit court departed from the essential requirements of the law. We therefore quash the circuit court's order and remand this case for proceedings consistent with this opinion.
Because certiorari is not designed or intended as a proceeding in which the reviewing court considers new evidence, the courts have struggled with the legislature's decision to use certiorari as the primary means of judicial review in these cases. In the quasi-judicial context, certiorari review works best when the lower tribunal creates and maintains casespecific evidentiary records. In at least some of the cases in which the DHSMV permanently revokes a driver's license, the driver wants to challenge the factual accuracy of "evidence" maintained in a DHSMV file when the file is not in any normal sense "the record" of a quasi-judicial proceeding. Certiorari is simply not a procedure that can accomplish this task. At best, it can determine whether the DHSMV's records qualify as sufficient evidence admissible as a matter of due process. As a result, creative lawyers have attempted various alternatives to challenge the factual basis for the DHSMV's orders. See State, Dep't of Highway Safety & Motor Vehicles v. Tremmel, 634 So.2d 742 (Fla. 2d DCA 1994) (challenging revocation by writ of mandamus); Dep't of Highway Safety & Motor Vehicles v. Spells, 502 So.2d 19 (Fla. 2d DCA 1987) (challenging revocation by complaint for declaratory relief); Mellon v. Cannon, 482 So.2d 604 (Fla. 5th DCA 1986) (challenging revocation by writ of mandamus).
We are not required today to determine whether the statutory and regulatory framework is constitutional. We would, however, suggest to both the DHSMV and the legislature that the current statutes do not provide clear procedures to address the issue presented by this case. Perhaps it would be helpful if the statutes gave the DHSMV authority to suspend a driver's license under these circumstances and then provided for an evidentiary hearing in which the DHSMV could prove the factual basis for the revocation if the driver denied that factual basis under oath. The DHSMV could then permanently revoke the license after that hearing or after the time to request the hearing had expired.
Petition granted; order quashed.
WHATLEY, J., and DANAHY, PAUL W. (SENIOR JUDGE), Concur.
NOTES
[1] The record in this case consists of an appendix that includes only the DHSMV's order, Mr. Vichich's petition for certiorari to the circuit court, the DHSMV's response to the petition, the circuit court order directing supplementation of the record, and the circuit court order denying certiorari. For reasons further explained in this opinion, there was no evidentiary hearing to review the propriety of this revocation. Thus, the facts in this opinion come solely from the documents included in the appendix.
[2] Although it revoked the license and did not suspend it, the DHSMV presumably based its actions on sections 322.251 and 322.27, Florida Statutes (1999). Section 322.27 provides, in part:

[T]he department is hereby authorized to suspend the license of any person without preliminary hearing upon a showing of its records or other sufficient evidence that the licensee:
(A) Has committed an offense for which mandatory revocation is required upon conviction.
Section 322.251 requires the DHSMV to provide the licensee notice of any cancellation, suspension, revocation, or disqualification of a license.
[3] This document was in letter format, addressed to the Office of the State Attorney in Clearwater. This may explain why the circuit court sentencing Mr. Vichich did not impose a suspension or revocation of his license in the criminal proceeding.
[4] It is likely that the DHSMV received this information when Mr. Vichich applied for a license in Florida. See § 322.44, Fla. Stat. (1985).
[5] Neither of these records clearly states what the parties or the circuit court interpret them to say. The letter presented by Mr. Vichich does not state that there are no convictions for Mr. Vichich, but merely contains a record in his name without entries. The document presented by the DHSMV is encoded, and there is nothing in the record to elucidate the meaning of the codes used.
[6] A Florida driver's license can also be suspended or revoked by a law enforcement officer or a court. See, e.g., §§ 322.2615, .2616, Fla. Stat. (1999) (arresting law enforcement officer); §§ 322.055, .056, .28, Fla. Stat. (1999) (court). When a driver's license is suspended by an arresting officer, sections 322.2615 and 322.2616 provide for review by a specific administrative hearing. When the court suspends or revokes a driver's license, the judicial process itself provides a forum for an evidentiary hearing with notice and an opportunity to be heard. When the DHSMV independently suspends or revokes a driver's license, however, it is unclear whether there is an opportunity for an evidentiary hearing, administrative or otherwise, and if so, the procedure under which it is to be conducted.
[7] In supplemental briefing to this court, the DHSMV has indicated that it believes Mr. Vichich may seek an administrative review of the revocation of his license pursuant to the Administrative Procedures Act. See ch. 120, Fla. Stat. (1999). This stance appears to conflict with the Fourth District's decision in Johnson v. State, Dep't of Highway Safety & Motor Vehicles, 709 So.2d 623 (Fla. 4th DCA 1998). Although the DHSMV believes that chapter 120 applies to this revocation, the DHSMV also opines that it did not have to comply with the provisions of section 120.60(5), Florida Statutes (1999), to initiate that review and that the notice sent to Mr. Vichich complied with the provisions of sections 120.569(1) and 120.57, even though that notice placed restrictions on the type of administrative review available. Moreover, the DHSMV apparently does not contemplate an administrative hearing in which the accuracy of its records may be challenged by additional evidence. Nevertheless, in the circuit court, the DHSMV did not take the position that Mr. Vichich had failed to exhaust his administrative remedies; nor did Mr. Vichich seek to enforce any right he may have had to an administrative review. Thus we cannot address whether chapter 120 applies to allow an evidentiary administrative hearing when the DHSMV revokes a license in this manner.
[8] See Fla. R.App. P. 9.020(e).
[9] We do not have authority to reassess the sufficiency of the evidence in this second certiorari proceeding and therefore we do not address this issue. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995). On remand, the circuit court must evaluate the sufficiency of the proper record evidence.